**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROY PHILLIPS #1150608, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT GOULD, Manager of Operations, | ) | Case No. _____ |
| MOSOP, Farmington Correctional Center; | ) | |
| | ) | |
| STEVE PFISTER, Counselor, | ) | |
| MOSOP, Farmington Correctional Center; | ) | |
| | ) | |
| CINDY GRIFFITH; Warden, | ) | |
| MOSOP, Farmington Correctional Center; | ) | |
| | ) | |
| LINDELL EDMONDS, Corrections Case | ) | **All defendants are being sued in** |
| Manager III, | ) | **both their official and individual** |
| MOSOP, Farmington Correctional Center; | ) | **capacities** |
| | ) | |
| SCOTT O'KELLEY, Assistant Division, | ) | **JURY TRIAL DEMANDED** |
| Director, | ) | |
| MDOC Central Office; | ) | |
| | ) | |
| MATTHEW STURM, Deputy Director | ) | |
| MDOC Office of the Deputy Director | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT

COMES NOW, Plaintiff Roy Phillips (Hereinafter Plaintiff "Phillips"), by and through his attorneys of record, Paul L. Schmitz and Richard B. Blanke, and for his first amended prisoner civil rights complaint under 42 U.S.C. §1983, and also in support of his petition for equitable and legal relief to redress injuries done to him by defendant(s) states as follows:

1

## I.  Place of Present Confinement:

1.      Roy Phillips is a natural person currently confined in Northeast Correctional Center at 13698 Airport Road, Bowling Green, Missouri, 63334, in the County of Pike.

## II. Previous Civil Actions:

2.      Mr. Phillips has never brought any civil actions in state or federal court dealing with the same facts involved in this action.

## III. Grievance Procedure:

3.      Northeast Correctional Center and Farmington Correctional Center both have a grievance procedure which Roy Phillips did utilize and exhaust by individually presenting the facts which are at issue in this complaint on the supplied grievance forms under grievance numbers FCC 11-1109, FCC 12-506, FCC 12-622, FCC 13-633. NECC 12-1106, NECC 12-1161, NECC 12-1684, and NECC 12-1799.

## IV. Parties To This Action:

4.      The plaintiff in this action is Roy Phillips, who is currently confined at Northeast Correctional Center, 13698 Airport Road, Bowling Green, MO, 63334, under registration #1150608.

5.      Defendant Robert Gould is the Missouri Sex Offender Program (MOSOP) Manager of Operations at Farmington Correctional Center and can be served at Farmington Correctional Center, 1012 W Columbia St, Farmington, MO 63640; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

6.      Defendant Steve Pfister is a Counselor in MOSOP at Farmington Correctional Center and can be served at Farmington Correctional Center, 1012 W

Columbia St, Farmington, MO 63640; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

7.     Defendant Cindy Griffith is a Warden/Corrections Manager at Farmington Correctional Center and can be served at Farmington Correctional Center, 1012 W Columbia St, Farmington, MO 63640; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

8.     Defendant Lindell Edmonds is a Corrections Case Manager III at Farmington Correctional Center and can be served at Farmington Correctional Center, 1012 W Columbia St, Farmington, MO 63640; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

9.     Defendant Scott O'Kelley is the Assistant Division Director for Mental Health Services for the Missouri Department of Corrections and can be served at the Missouri Department of Corrections Central Office, 2729 Plaza Drive, Jefferson City, MO 65102; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

10.     Defendant Matthew Sturm was the FNP at Farmington Correctional Center, was later the Director of the Division of Adult Institutions, and is currently the Deputy Director for the Missouri Department of Corrections and can be served the Office of the Deputy Director, 2729 Plaza Drive, Jefferson City, MO 65102; and is being sued in his individual capacity as well as his official capacity in regards to the injunctive relief sought herein.

**V. Jurisdiction**

11.     The first cause of action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendment and under the laws of the

3

United States, particularly under the Civil Rights Act, under Title U.S.C. §1983, §1985, and §1988 for redress of deprivation of civil rights, and Jurisdiction of this Court is based on title 28 U.S.C. §1331, 1343(a), 2201 and 2202.  The second cause of action is being brought pursuant to The Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12101, *et seq.* and the enforcement provisions under 42 U.S.C. §2000(e), and the jurisdiction of this Court is based also on title 28 U.S.C. §1331, 1343(a), 2201 and 2202.

12.     At all times relevant to this complaint and the allegations herein, Plaintiff and Defendants were citizens of the State of Missouri.

13.     At all times relevant to this complaint and the allegations herein, the individual defendants were acting under color of statute, ordinance, regulation, custom or usage of the State of Missouri and each individual defendant was acting as an agent, servant or employee of the Missouri Department of Corrections for the State of Missouri during and within the course and scope of their respective employment.

**Count 1: Denial of Due Process**

14.     Phillips incorporates paragraphs 1 through 13 as if fully set forth in this paragraph.

15.     During the first week of January, 2016, Roy Phillips was transferred from Northeast Correctional Center to Farmington Correctional Center.

16.     Mr. Phillips initially began the Missouri Sex Offender Program (MOSOP) on January 27, 2016; however, he was terminated from the program, through no fault of his own, on January 28, 2016 after he was placed into administrative segregation for an alleged conduct violation that was not substantiated.

4

17.     On March 3, 2016, Mr. Phillips was again placed into MOSOP and began Phase I of that program.

18.     On or around March 17, 2016, approximately two weeks after Mr. Phillips had begun Phase I of MOSOP, Mr. Phillips expressed concerns to MOSOP staff that he had great difficulty reading some written questions on documents because he had documented vision problems.

19.     At that same time, Mr. Phillips also expressed concern to treatment staff that they had been asking questions about alleged conduct in the original police report that was not a part of the factual basis for is guilty plea, and had told Mr. Phillips that he would be discharged negatively from treatment if he did not admit to the aforementioned conduct.

20.     On March 28, 2016, counsel for Mr. Phillips, Mr. Paul L. Schmitz, contacted Defendant Scott O'Kelly, the Assistant Division Director for Mental Health Services for the Missouri Department of Corrections, and informed him of these various issues, to which Mr. O'Kelley agreed that he would look into the matters and contact counsel with a response.

21.     Mr. O'Kelley contacted Mr. Schmitz on April 6, 2016 and Mr. O'Kelley stated that he had spoken to Defendant Michael White and Defendant Robert Gould with MOSOP at Farmington Correctional Center and had been assured that Mr. Phillips would not be required to admit to any conduct he did not plead guilty to unless he had already made prior admissions to that conduct to treatment staff during his time in MOSOP, and that while Mr. Phillips may be asked questions about alleged conduct in a police report it was not a prerequisite to MOSOP completion.

22.     Mr. O'Kelley also recommended to Mr. Schmitz that he contact David Dormire (the Director) at the Director's Office for the Division of Adult Institutions (DAI) regarding Mr. Phillips' vision problems and his request for an accommodation.

23.     On April 19, 2016, Mr. Schmitz spoke to a staff member in the Director's Office and a medical appointment was scheduled for April 26, 2016 to review Mr. Phillips' vision problems and seek a solution to his difficulties in responding to written questions in MOSOP.

24.     After April 19, 2016 but before his medical appointment of April 26, 2016, Plaintiff reasonably believed that he had finished Phase I of MOSOP, and he was waiting for a start date to begin Phase II.

25.     Plaintiff missed his medical appointment on April 26 because he had been transferred to Northeast Correctional Center without any warning or explanation.

26.     In response, Mr. Schmitz contacted Mr. O'Kelley on April 27, 2016 to confirm that Mr. Phillips had been transferred and to determine the reason for the transfer and on May 3, 2016, Mr. O'Kelley contacted Mr. Schmitz and stated that Mr. Phillips had been transferred because he had been discharged from MOSOP on March 29, 2016, prior to the two conversations Mr. Schmitz had with Mr. O'Kelley when he assured Mr. Schmitz that Mr. Phillips would not be required to admit to conduct he did not plead guilty to and that Mr. Phillips would be medically evaluated to determined proper accommodations for him to complete MOSOP.

27.     Mr. Schmitz requested that he receive copies of Mr. Phillips MOSOP discharge documents on May 3, 2017 and was told that the documents would be made available.

6

28.     On May 24, 2016, Mr. Schmitz received MOSOP documents from Mr. O'Kelley which included documents that indicated the basis for Mr. Phillips' termination from MOSOP.

29.     Included in the documents provided by Mr. O'Kelly was an inter-office communication from Steve Pfister, a member of the MOSOP treatment team, who outlined the reasons he, Defendant Griffith, and Defendant Edmonds terminated Mr. Phillips from MOSOP; viz., that Mr. Phillips refused to make admissions to conduct described in the "official account", that Mr. Phillips had "failed to complete the clinical interview form", and that he used his "inability to see" as an attempt "to make an excuse".  (Exhibit 1, attached hereto and incorporated by reference herein).

30.     The transcript of Mr. Phillips' guilty plea in Cause #07G9-CR02274-01 clearly shows that Mr. Phillips did not plead guilty to or make any admissions to any of the specific conduct referenced by Mr. Pfister in in IOC.  (Exhibit 2, attached hereto and incorporated by reference herein).

31.     Furthermore, the Plea of Guilty signed by Mr. Phillips on July 17, 2009 does not include any of the alleged conduct that served as the basis for Mr. Phillips' termination from MOSOP based on his refusal to admit to said conduct.  (Exhibit 3, attached hereto and incorporated by reference herein).

32.     The successful completion of MOSOP is mandatory for parole and/or conditional release eligibility for inmates confined for sexual assault offenses pursuant to §589.040 RSMo.

33.     Plaintiff has exhausted his administrative appeal process.

34.     Warden Cindy Griffith, by affirming the findings of the MOSOP treatment team members as set out on the classification hearing form as well as in in the

administrative remedy process, has engaged in an active conspiracy with the aforementioned committee members to punish Phillips and deny him his various due process rights under the Fourteenth Amendment to the United States Constitution.

35.     Defendants' failure to follow current policy and procedure, their misleading affirmations given to Mr. Phillips regarding the requirements to complete MOSOP, and the subsequent termination of Mr. Phillips from MOSOP under the pretextual and false assertion of noncompliance by Mr. Phillips violates his rights to procedural due process under the Fourteenth Amendment to the United States Constitution.

## Count 2:  Discrimination on the Basis of a Disability in Violation of the Americans with Disabilities Act

36.     Plaintiff incorporates paragraphs 1 through 35 as if fully set forth in this paragraph.

37.     Mr. Phillips has a documented medical history of vision impairments that require eyeglasses and the use of eye lubricant medication to reduce severe dryness and irritation; and Mr. Phillips' physical impairments substantially limit one or more of his major life activities, or Mr. Phillips is regarded as having physical impairments that substantially limit one or more of his major life activities, or Mr. Phillips has such physical impairments of record that substantially limit one or more of his major life activities.

38.     At the time Mr. Phillips began MOSOP, he did not have eyeglasses to assist in correcting his vision so that he could properly read documents.

39.     Mr. Phillips is a qualified individual with a disability as defined in §42 U.S.C. 12102(2), based upon his documented vision problems.

8

40.     After his admittance into MOSOP, Mr. Phillips verbally reported his vision problems to MOSOP staff, and requested that reasonable accommodations be made to assist him in reading and understanding the written documents he was required to complete as a part of the program.

41.     MOSOP Staff, including Defendant Pfister, acknowledged Mr. Phillips' requests for accommodations but refused to provide him with any accommodations, including but not limited to eyeglasses, eye lubricant, or assistance in helping him read. (Exhibit 1)

42.     As a result, Mr. Phillips was forced to seek assistance from other inmates who were participants in MOSOP to help him read and fill out documents, and this assistance was often unavailable.

43.     Mr. Schmitz contacted Defendant O'Kelley and informed him of Mr. Phillips' vision problems and need for accommodation, which he acknowledged.

44.     Mr. Schmitz also contacted the assistant for Division Director Dormire, who assisted in getting an appointment scheduled for Mr. Phillips for April 26, 2016 to address his vision issues.

45.     However, Mr. Phillips was never allowed to attend this appointment as he had already been unknowingly terminated from the program, in part, for failure to properly fill out MOSOP forms, and he was transferred to a different institution on the date of his medical appointment.

46.     The Missouri Department of Corrections has a version of MOSOP for those with a need for reasonable accommodations that is held at the Eastern Region Reception and Diagnostic Center; however, Mr. Phillips was not granted an opportunity to complete MOSOP at that location.

47.     By terminating Mr. Phillips from MOSOP without any reasonable accommodation and on the basis of his inability to participate in the program because of his disability, Defendants denied Mr. Phillips a government benefit to a qualified individual with a disability because of his disability, providing him with a lesser benefit than is given to others and limiting his enjoyment of the rights and benefits provided to the public at large.

48.     Mr. Phillips' participation in MOSOP posed no significant health or safety risks nor did it serve as a direct or indirect threat to others.

49.     The termination and subsequent exclusion of Mr. Phillips from MOSOP served no legitimate penologocal interest and was arbitrary, capricious and unreasonable.

50.     Defendants also denied Mr. Phillips the rights conferred to him under §42 U.S.C. 12101 et seq. by refusing to make reasonable modifications in their policies, practices, or procedures because an accommodation was necessary to avoid the exclusion of Mr. Phillips, a qualified individual with a disability, from participation in MOSOP; and this accommodation could have been accomplished without imposing an undue financial or administrative burden on Defendants and the accommodation required no fundamental alteration to the nature of the program.

51.     Such wrongs above, as are being committed by the various staff, are continuing in nature, for which Plaintiff has no adequate remedy at law.


### VII. Relief Requested:

52.     **WHEREFORE**, after trial by jury, Plaintiff seeks a declaration of his rights and orders of the Court, to wit:

53.     That Mr. Phillips be immediately transferred to either Farmington Correctional Center or Eastern Regional Diagnostic and correctional Center in Bonne Terre and resume participation in MOSOP, with credit for his participation in the program granted up to the date of his termination.

54.     That Mr. Phillips' receive reasonable accommodations for his inability to read because of his disability so that he can participate in and successfully complete MOSOP.

55.     That Defendants be immediately enjoined from denying Mr. Phillips his procedural due process rights as they relate to the completion of MOSOP.

### VIII. Attorney's Fees:

56.     Plaintiff seeks an award of his reasonable attorney's fees, reasonable expert witness fees, and all other costs of recovery incurred herein.


**Respectfully submitted,**


**UTHOFF, GRAEBER, BOBINETTE & BLANKE**


**By:  /s/ Richard B. Blanke**
**Richard B. Blanke, #28675MO**
**Paul L. Schmitz #66885MO**
**906 Olive Street, Ste. 300**
**St. Louis, Missouri 63101**
**Phone: (314) 621-9550**
**Fax:     (314) 621-2697**
**E-Mail:  rlbanke@ugbblaw.com**
              **pschmitz@ugbblaw.com**
*Attorneys for Plaintiff*