UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROY PHILLIPS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:18CV 785 AGF |
| ROBERT GOULD, et. al, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 6) to dismiss filed by four of the six named Defendants in this case (the "Movants").[1] For the following reasons, the Court will grant the motion in part and deny it in part.

# BACKGROUND

Plaintiff Roy Phillips, a Missouri Department of Corrections ("MODOC") inmate and former participant in MODOC's Missouri Sex Offender Program ("MOSOP"), filed this complaint on May 22, 2018, arising out of his termination from MOSOP on March 29, 2016.[2] He has named as Defendants various employees of MOSOP and MODOC, in both their individual and official capacities.

---

[1] The Movants are Defendants Cindy Griffith, Lindell Edmonds, Scott O'Kelley, and Matthew Sturm. The remaining Defendants, Robert Gould and Steve Pfister, have filed an answer to Plaintiff's complaint.

[2] According to Plaintiff, the successful completion of MOSOP is mandatory for parole and/or conditional release eligibility for inmates confined for sexual assault offenses.

In the only remaining claim (Count 2),[3] Plaintiff asserts that his termination from MOSOP constituted disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

According to the complaint, at all relevant times, Plaintiff had "a documented medical history of vision impairments that require eyeglasses and the use of eye lubricant medication to reduce severe dryness and irritation." ECF No. 1 at 8. Plaintiff began MOSOP on March 3, 2016,[4] while he was housed at the Farmington Correctional Center. At that time, Plaintiff did not have eyeglasses, which he needed to read and complete certain mandatory MOSOP paperwork.

On or around March 17, 2016, Plaintiff verbally reported his vision problems to MOSOP staff, including his difficulty reading the required program documents. On March 28, 2016, Plaintiff's attorney, Paul L. Schmitz, contacted Defendant Scott O'Kelley, the Assistant Director for Mental Health Services for MODOC, regarding this issue and the need for an accommodation. O'Kelley responded on April 6, 2016, recommending that Plaintiff contact David Dormire, the Director for the Division of Adult Institutions. On April 19, 2016, Schmitz contacted Dormire's office and scheduled a medical appointment for the date of April 26, 2016, in order to review Plaintiff's vision

---

[3] Plaintiff previously asserted a claim under 42 U.S.C. §1983, for "denial of due process" (Count 1), but Plaintiff voluntarily dismissed that claim on August 3, 2018, after the current motion was filed. Thus, to the extent that Movants seek dismissal of Count I, their motion will be denied as moot.

[4] Plaintiff alleges that he initially began MOSOP on January 27, 2016, but he was terminated from the program the next day, January 28, 2016, after being placed into administrative segregation for an alleged conduct violation. Plaintiff re-entered MOSOP on March 3, 2016.

problems and seek a solution to Plaintiff's difficulties in completing the MOSOP paperwork.

Before the appointment, Plaintiff was transferred to the Northeast Correctional Center. On May 3, 2016, after inquiring as to the reason for the transfer, Plaintiff was informed that he had been terminated from MOSOP as of March 29, 2016. Plaintiff alleges that he was terminated from MOSOP, in part, for failure to properly fill out MOSOP forms, which Plaintiff alleges he could not complete due to his vision impairment. In support of his allegation, Plaintiff attaches to his complaint an inter-office communication from a MOSOP treatment team member, regarding Plaintiff's termination from MOSOP. The document is dated March 29, 2016, and states that Plaintiff "presented to the Treatment Team as evasive and defiant," Plaintiff did not bring required material to a treatment session, and during treatment, Plaintiff did not take responsibility for his offenses. The document then states:

> Further, Mr. Phillips failed to comply with Phase I expectations, clearly explained to him, when he failed to complete the Clinical Interview form. All Phase I offenders are instructed to not only complete the form, but that every question must have some response, and, that response must be appropriate. Mr. Phillips failed to complete all the questions, and, for some of the questions that he did not answer, his justification was that he did not see the relevance. Mr. Phillips attempted to make the excuse that he could not see and could not get help; however, this did not keep him from completing some questions and answering them with inappropriate comments. He also refused to answer some questi[o]ns in the meeting, and indicated that there would be questions in treatment that he would refuse to answer, citing some irrelevant legal issues regarding his ex-wife.

ECF No. 1-1.

Plaintiff alleges that he was never given "any accommodations, including but not

3

limited to eyeglasses, eye lubricant, or assistance in helping him read." *Id.* Plaintiff further alleges that MODOC has a version of MOSOP for those needing reasonable accommodations, which is held at the Eastern Region Reception and Diagnostic Center, but that Plaintiff was not given an opportunity to complete MOSOP at that location.

**ARGUMENTS OF THE PARTIES**

Movants seek dismissal of Plaintiff's complaint for failure to state a claim. First, Movants argue that they are not subject to liability in their individual capacities under Title II of the ADA, which applies here. Next, as to Plaintiff's official-capacity ADA claim, Movants argue that Plaintiff cannot state a prima facie disability discrimination claim because Plaintiff "has no liberty interest in attending MOSOP and, therefore, is not otherwise qualified for the benefit." ECF No. 7 at 7. Finally, Movants argue that Plaintiff was not excluded from MOSOP because of his vision impairment but because, as reflected in the inter-office communication attached to the complaint, Plaintiff was "evasive and defiant," answered written questions inappropriately, and refused to answer oral questions. *Id.*

In response, Plaintiff does not dispute that Movants are not subject to suit under the ADA in their individual capacities. However, Plaintiff argues that his official-capacity ADA claim should survive because he has pled sufficient facts in support of each element of a prima facie claim. Plaintiff argues that whether he has a "liberty interest" in attending MOSOP may have been relevant to his now-dismissed due process claim, but it is not relevant to his ADA claim. Plaintiff further contends that whether he was terminated for reasons other than his vision impairment, such as his alleged

4

evasiveness, is a factual dispute that cannot be resolved on a motion to dismiss.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209–11 (1998). "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see also* 42 U.S.C. § 12132. "A qualified individual with a disability is defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" *Randolph*, 170 F.3d at 857 (quoting 42 U.S.C. § 12131(2).

As Plaintiff apparently concedes, "individuals are not subject to liability under Title II." *Johnson v. Neiman*, 504 F. App'x 543, 545 (8th Cir. 2013) (citation omitted). Therefore, the Court will grant the motion to dismiss in part, solely as it relates to

Plaintiff's individual-capacity claim.

Movants do not dispute in their motion that they are subject to suit under Title II in their official capacities, or that Plaintiff has a disability as defined under the ADA. As to Movants' proffered grounds for dismissal of Plaintiff's official-capacity claim, the Court agrees with Plaintiff that whether Plaintiff has a liberty interest in participating in MOSOP is irrelevant to determining whether Plaintiff was "otherwise qualified" to participate in MOSOP for the purpose of the ADA. The Court likewise agrees that whether Plaintiff was otherwise qualified to participate in MOSOP, and whether his termination was due to disability discrimination, are factual questions inappropriate for resolution at this stage.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by Defendants Cindy Griffith, Lindell Edmonds, Scott O'Kelley, and Matthew Sturm is **GRANTED in part**, with respect to Plaintiff's claims against these Defendants in their individual capacities, and is otherwise **DENIED**. ECF No. 6.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2019.