UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:18-cv-00785-AGF |
| ROBERT GOULD, et. al, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion (ECF No. 64) to alter or amend the judgment. On May 20, 2020, the Court granted summary judgment in Defendants' favor on Plaintiff's claim asserting discrimination on the basis of disability (vision impairment), in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., arising out of his termination from the Missouri Department of Corrections Sex Offender Program ("MOSOP"). *See* ECF No. 62. For the reasons set forth below, the Court will grant Plaintiff's motion in part, insofar as it will amend the judgment to provide that summary judgment is granted in Defendants' favor to the extent that Plaintiff's disability discrimination claim was based on Defendants' failure to reasonably accommodate him. The Court will otherwise deny Plaintiff's motion.

## BACKGROUND

In its May 20, 2020 Memorandum and Order, the Court rejected as a matter of law Plaintiff's claim that his termination from MOSOP constituted discrimination on the

basis of his disability.  The Court held that it did not need to decide whether Plaintiff could meet the requirements of a prima facie claim under Title II of the ADA because, even presuming that he could, Defendants had a legitimate, nondiscriminatory reason for terminating Plaintiff.  Defendants' stated reason for terminating Plaintiff from MOSOP was Plaintiff's admitted refusal to answer certain questions asked of him in clinical interviews and his admitted refusal to take responsibility for or acknowledge certain criminal conduct.  Plaintiff contended that he should not have been required to answer the questions or admit to the conduct, for reasons unrelated to his alleged disability.  The Court found that even a generous reading of the record would not permit a finding that Defendants' stated reason was pretext for disability discrimination.

Plaintiff now argues that relief under Rule 59(e) is warranted on two grounds: first, that the summary judgment record contains sufficient evidence to prove that Defendants' articulated reason for terminating Plaintiff from MOSOP was pretext for discrimination; and second, that Plaintiff's ADA claim encompassed two theories of discrimination, one based on intentional discrimination and the other on the failure to reasonably accommodate Plaintiff, and that the Court failed to address the latter theory.

## DISCUSSION

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment.  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence."

*United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Pretext

As to Plaintiff's first ground for relief, regarding pretext, the Court carefully considered the arguments that Plaintiff presented in opposition to summary judgment, and those presented now in his motion to alter or amend the judgment. The Court still believes that no rational factfinder could conclude that Plaintiff's termination from MOSOP was discriminatory. The cases relied upon by Plaintiff, including *Reeves v. Sanderson Plumbing Products, Inc.*, do not convince the Court otherwise. *See* 530 U.S. 133, 148 (2000) (explaining that if "no rational factfinder could conclude that the [defendants'] action was discriminatory," judgment as a matter of law is appropriate).

Failure to Accommodate

As to Plaintiff's second ground, the Court did not understand Plaintiff to be asserting two separate theories of discrimination. *See* Compl., ECF No. 1. But to the extent that he is, the Court believes it prudent to grant Plaintiff's motion in part and to amend the judgment in order to provide that Defendants are entitled to summary judgment on any claim of failure to provide reasonable accommodations.

As Plaintiff notes, discrimination under the ADA may be premised on either a theory of intentional discrimination (also known as disparate treatment) or the failure to provide reasonable accommodations. *See Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004). In the former, it is the defendant's "discriminatory intent in taking adverse . . .

3

action against a disabled individual that matters," whereas in the latter, "discrimination occurs when the [defendant] fails to abide by a legally imposed duty." *Id.* at 767.

To the extent that Plaintiff's disability discrimination claim was premised on a failure-to-accommodate theory, summary judgment is still warranted in Defendants' favor.  Put simply, on the record before the Court, no rational factfinder could find that Plaintiff required accommodations in addition to what he already received so as to permit his meaningful participation in MOSOP.

As the Court noted in its prior Memorandum and Order, Plaintiff does not dispute that he was physically able to answer the clinical interview questions at issue and to admit to certain criminal conduct, or that he refused to do so.[1]  Plaintiff's primary argument was simply that he should not have been required to answer the questions or admit to the conduct.  Access to additional accommodations for his vision impairment, such as eyeglasses or eye drops, would not have helped Plaintiff answer the questions that he believed to be improper or make the admissions to which he objected.  *See Johnson v. Neiman*, 504 F. App'x 543, 546 (8th Cir. 2013) (unpublished) (holding that summary judgment was proper when there was "no material evidence showing that [the plaintiff] required accommodations or medical equipment in addition to what he was already receiving, so as to permit his meaningful participation in Phase II of MoSOP, . . . [and he] did not rebut the evidence showing that he was terminated from Phase II due to

---

[1]    The record established that the clinical interview questions were repeated verbally to Plaintiff and that he refused to answer some questions because he believed them to be irrelevant or improper, and refused to answer others due to legal issues involving his ex-wife.

4

his poor motivation, progress, and attendance"); *Perry v. Missouri Dep't of Corr.*, No. 4:05CV1384 DJS, 2007 WL 892460, at *2 (E.D. Mo. Mar. 21, 2007) (granting summary judgment where "[a]ccess to audio tapes, which plaintiff requests in his first amended complaint, would not have helped [the plaintiff] participate openly and honestly in MOSOP").

The real accommodation Plaintiff sought here was to be excused from answering the questions or from making the admissions that Defendants required. If that is an accommodation at all, it is not one necessitated by Plaintiff's alleged disability, and therefore cannot support a failure-to-accommodate claim. *See Peebles,* 354 F.3d at 768 (affirming summary judgment against an employee where the accommodation he sought was to excuse his non-compliance with an employer rule having nothing to do with his disability); *see also id.* at 772 (Bye, J., concurring) ("The actual cause of [the plaintiff's] continued unemployment, then, is [his] own dereliction, not his employer's enforcement of the substantiation rule. In reality, [the plaintiff] does not need to be accommodated, he wants to be excused."); *see also Burchett v. Target Corp.,* 340 F.3d 510, 518 (8th Cir. 2003) (affirming summary judgment for the employer on an employee's claim asserting failure to accommodate a request for transfer because the employee failed to make an evidentiary showing she needed the requested transfer as a result of her disability).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend the judgment is **GRANTED in part**, insofar as summary judgment is granted in Defendants'

5

favor on Plaintiff's failure-to-accommodate claim under the Americans with Disabilities Act, as set forth above.  The motion is otherwise **DENIED**.  ECF No. 64.

_____
AUDREY G.  FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2020.